**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**MICHAEL WAYNE RORIE**                                                               **PLAINTIFF**

**v.**                                                                     **CIVIL ACTION NO. 5:17CV-149-TBR**

**JAMES DRAGOO et al.**                                                           **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Michael Wayne Rorie filed this *pro se* civil-rights action (DN 1) pursuant to 42 U.S.C. § 1983. Since a similar *pro se* action Plaintiff originally filed in Christian County Circuit Court was removed to this Court, Civil Action No. 5:17-CV-162-TBR, the Court recently ordered that the cases be consolidated and that case be dismissed (DN 5). The original complaint from Civil Action No. 5:17-CV-162-TBR has been docketed in the present case as "Civil-Rights Complaint from Consolidated Case" (DN 6). This action is before the Court for initial review of the complaint (DNs 1 & 6) pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

## I. SUMMARY OF CLAIMS

Plaintiff brings this action against James Dragoo, a Sergeant with the Christian County Sheriff's Department (CCSD); Clevin Robinson, a former Deputy Sheriff with the CCSD; Jack Rolands, a Sergeant with the CCSD; and Livy Leavell, the Christian County Sheriff.[1] Plaintiff does not state in what capacity he is suing Defendants. Plaintiff states that the alleged wrongful events occurred on September 28, 2016. He describes what happened as follows:

> My next door neighbor (James Dragoo) Alleges he seen me entering my home
> and He thought I had an EPO against me (in which I didn't). InsteAd of calling

---
[1] In the complaint from the consolidated case (DN 6), Plaintiff also states that "[t]here are 2 other deputies that were involved but CCSD says they have no knowledge of this incident."

city police he called 5 other Sheriff Deputies & K9 to apprehend me. With no search warrant they broke into home locating me upstairs in Attic space. I tried to surrender but officers refused And put k-9 on me, Tazzed me 5 times, broke my nose, kicked my shoulder, head and stomach until I passed out for 10-20 seconds then was cuffed And drug down flight of stAirs then threw in front yArd until Ambulance arrived. Once finding out that I had no EPO they put a made up charge of 1st Degree AssuAlt on service Animal & resisting arrest. I did 100 days in jail And then all charges were dismissed against me.

Plaintiff states that as a result of the incident he (1) suffered a broken nose; (2) received 6 staples in his left knee from a K-9 bite; (3) tore his "LabreAl in shoulder" which required two surgeries; (4) has equilibrium issues "due to be[ing] tazzed 5 times And kicked in heAd"; and (5) suffered Post Traumatic Stress Disorder and emotional distress. Plaintiff asserts violations of the Fourth and Eighth Amendments. Although unclear, it appears that Plaintiff may be asserting the following additional claims: (1) "Knowingly making a false statement"; (2) "Aiding Another (officer) to violate a rule"; (3) "Harrassment"; (4) "Abuse of Authority"; (5) "Abuse of Process"; and (6) retaliation. As relief, Plaintiff seeks justice, compensatory and punitive damages, and asks for "a formal investigation [to] be completed."

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

#### A.  Federal Claims

Plaintiff names James Dragoo, Clevin Robinson, Jack Rolands, and Livy Leavell as Defendants in this action. However, with the exception of stating that Defendant Dragoo called the sheriff's office, an action that fails to state a constitutional violation, Plaintiff makes no allegations against these Defendants in his complaint. "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation . . . ." *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir.

3

Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)). The specific facts of the complaint must explain how the defendants are personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation); *LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.") (emphasis in original).

Plaintiff's complaint fails to state the involvement by each Defendant in the alleged wrongdoing or state how each Defendant is responsible for the asserted constitutional deprivations. Accordingly, Plaintiff's complaint fails to state a claim as to the named Defendants.

The Court notes that it gave Plaintiff an opportunity to correct this deficiency in his complaint, but he failed to do so. On January 25, 2018, the Court entered an Order (DN 7) noting that Plaintiff's complaint failed to state the capacity in which he was suing Defendants and failed to set forth what wrongful actions were performed by each Defendant. The Order gave Plaintiff 30 days to file an amended complaint indicating in what capacity he was suing

Defendants and setting forth facts sufficient to show how each Defendant was involved in the wrongful acts about which Plaintiff complains. In the Order, the Court warned Plaintiff that his failure to comply with the Order may result in dismissal of this action. The time for Plaintiff to respond to the Order has passed without Plaintiff complying with the Order or providing any facts as to the alleged wrongful behavior of the named Defendants.

For the reasons stated herein, the federal claims will be dismissed.

### B. State-law Claims

To the extent Plaintiff is attempting to bring state-law claims, the Court declines to exercise supplemental jurisdiction over such claims. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court will dismiss the federal claims over which it has original jurisdiction, it will decline to exercise supplemental jurisdiction over the state-law claims and dismiss them without prejudice. *See Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011) ("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'") (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

### IV. CONCLUSION

For the foregoing reasons, this complaint will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
 Counsel for Defendants
4413.003